UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

BENJAMIN J. SOWELL, JR.
    Plaintiff,

v.

CHRIS FULLER
    Defendant.

No. 1:12-0110
JUDGE HAYNES

MEMORANDUM

Plaintiff, Benjamin J. Sowell, Jr., an inmate at the Maury County Jail in Columbia, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendant: Chris Fuller, a newspaper reporter. Plaintiff seeks injunctive relief and damages for a newspaper article on August 31, 2012 that Plaintiff was facing drug charges after a six month investigation. Plaintiff alleges this article is incorrect and that "my character is being slandered by whomever printed it as well as those who gave my name up to be printed."

To state a claim under 42 U.S.C. § 1983, Plaintiff must set forth facts that, when construed favorably, establish the deprivation of a right or privilege secured by the Constitution or laws of the United States caused by a person acting under color of state law. <u>Flanory v. Bonn</u>, 604 F.3d 249, 253 (6th Cir.2010).

The Defendant is a private individual who wrote a newspaper article mentioning the Plaintiff. Under these allegations, the Defendant did not act under color of state law. Thus, Plaintiff has failed to state a claim upon which § 1983 relief can be granted. Even if the Defendant were acting under

color of state law, defamation is not a federal constitutional tort and does not state a cognizable claim under 42 U.S.C. § 1983 where there is a state remedy. Paul v. Davis, 424 U.S. 693 (1976). Plaintiff has a state remedy. Tenn. Code Ann. § 29-24-101.

When a prisoner Plaintiff proceeding *in forma pauperis*, as here, fails to state a claim upon which relief can be granted, the Court must dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order is filed herewith.

WILLIAM J. HAYNES, JR.
Chief District Judge